[894 NYS2d 764]

In the Matter of BARNETT R. ROGERS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 23, 2010

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Eddie Still* of counsel), for petitioner.

*Irving Anolik,* Nanuet, for respondent.

## OPINION OF THE COURT

Per Curiam.

In his affidavit, the respondent avers that his resignation is tendered voluntarily, free from coercion and duress, and with an awareness of his present medical condition after reviewing the matter with his attorney. The respondent is fully aware of all of the implications of submitting his resignation, including the fact that his name will be stricken from the roll of attorneys and counselors-at-law and he will be barred from seeking reinstatement for at least seven years. The respondent submits that he has no intention of applying for reinstatement due to his age and current physical condition.

The respondent acknowledges receipt of the October 22, 2008 petition, which contains 12 charges, including allegations that he failed to safeguard funds entrusted to him as a fiduciary, engaged in conduct prejudicial to the administration of justice, and violated the disciplinary rules with respect to the handling of his attorney escrow account. Although the respondent specifically denies some of the charges, he acknowledges that he may not be able to successfully defend himself on the merits as to certain of the charges and specifications of the October 22, 2008 petition. He is aware of a pending civil court action brought by the original complainants, which he is presently defending. The respondent acknowledges that if a complainant is successful in obtaining a judgment requiring monetary restitution, this Court could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Having failed to avail himself of the opportunity to apply to this Court for a stay of proceedings upon verification of his claimed medical disabilities, the respondent knowingly and voluntarily submitted a resignation which is in essential conformity with the requirements of 22 NYCRR 691.9. Accordingly, the respondent's proffered resignation is accepted, and, effective immediately, he is disbarred and his name is stricken from the roll of attorneys. The pending disciplinary proceeding is discontinued in view of the respondent's resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the resignation of Barnett R. Rogers is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barnett R. Rogers is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Barnett R. Rogers shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Barnett R. Rogers is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Barnett R. Rogers has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated February 24, 2009 is discontinued.